**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CHAD HOGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No:. 2:05CV687** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF MONTGOMERY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AFFIRMATIVE DEFENSES AND ANSWER OF DEFENDANTS
COOK, CAULFIELD, AND GORDON**

**COME NOW** Defendants Lieutenant Ronald Cook ("Cook"), Lieutenant William

Caulfield ("Caulfield") and Canine Officer J.M. Gordon ("Gordon"), by and through undersigned

counsel and hereby file these Affirmative Defenses and Answer to the Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1.     The Plaintiff's Complaint failed to state a claim for which relief may be granted.

2.     Any claims for punitive damages that the Plaintiff has made are due to be

dismissed pursuant to Ala. Code § 6-11-26 (1975).

3.     Plaintiff has failed to state a claim upon which compensatory damages may be

awarded.

4.     Anything not specifically admitted to or addressed in this Answer is denied, and the

Defendants demand strict proof thereof.

5.     Defendants deny that they have been guilty of any conduct which entitles the Plaintiff to

recover punitive damages.

6.     Plaintiff's claims are barred by the six month statutory notice of claim requirement. Ala.

Code § 11-47-23 (1975).

7.      Defendants submit the complaint fails to state a claim against defendants, in that

plaintiff has failed to allege facts sufficient to show that liability stems from a municipal policy or

custom.

8.      The recovery of damages for state law claims against these defendants is limited to

$100,000.00.   See Code of Alabama, 1975, section 11-93-2; *Smitherman v. Marshall County*

*Commission*, 746 So. 2d 1001, 1007 (Ala. 1999).

9.      Defendants pleads that the Plaintiff was guilty of negligence, wantonness, recklessness,

intentional acts or criminal acts which proximately caused or contributed to the injuries or damages

he claims.

10.     Defendants pleads that the Plaintiff failed to mitigate his damages.

11.     Any award of punitive damages will result in a violation of the Fourth, Fifth, Sixth, Eighth,

Eleventh, and Fourteenth Amendments of the Constitution of the United States and Article I 6, 10,

11, 14, 22, 25, 36, and 43 of the Constitution of Alabama (1901).

12.     Plaintiff's claims are barred by the Defendants' entitlement to discretionary function

immunity pursuant to Ala. Code § 6-5-338(a) (1975).  *See also Ex parte Cranman*, 792 So. 2d 392

(Ala. 2000).

13. Plaintiff's claims are barred by the Defendants' entitlement to state-agent immunity.  *See Mt.*

*Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Regents of Univ. of Cal. v. Doe*,

419 U.S. 425 (1999).

14.     Plaintiff's claim for malicious prosecution is due to be dismissed as the prosecution of the

Plaintiff's criminal charges are within the sole purview of the District Attorney of Montgomery

County.  *See Alabama Power v. Neighbors*, 402 So. 2d 958, 962 (Ala. 1981) (holding that a defendant cannot be held liable for malicious prosecution when merely giving information of an alleged crime to the district attorney's office and leaving the decision to prosecute to "the uncontrolled discretion of the district attorney").

15.    Plaintiff's claims for false arrest/false imprisonment and abuse of process are due to be dismissed as Defendants had probable cause to arrest the Plaintiff.

16.    Defendants deny that they have been guilty of any conduct which entitles the Plaintiff to recover punitive damages.

17.    Defendants aver that any award of punitive damages to the Plaintiff will be violative of the constitutional safeguards provided to theses Defendants under the Constitution of the United States of America.

18.    The award of punitive damages to the Plaintiff would constitute a deprivation of property without due process of law, as required under the Fifth and Fourteenth Amendments to the constitution of the United States.

19.    Defendants aver that any award of punitive damages to the Plaintiff in this case would be violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages is vague, is not based upon any objective standards, and is not rationally related to legitimate government interests.

20.    Defendants affirmatively plead *Oden v. Pepsi Cola Bottling Company of Decatur, Inc.*, 621 So. 2d 953 (Ala. 1993).

21.    Plaintiff's claims are barred because Plaintiff seeks damages based upon injuries that were a direct result of his knowing and intentional participation in a crime involving moral terpitude.

22.     Defendants pled that Plaintiff cannot maintain a cause of action if, in order to establish it, he

must rely in whole in or in part upon an illegal or immoral act or transaction to which he is a party.

23.     The Plaintiff's claims asserted against fictitious parties should be stricken as there are no

federal statutes or procedures which allow for fictitious party pleading.

24.     Defendants reserve the right to supplement these affirmative defenses.

## ANSWER

## JURISDICTION AND VENUE

1.     Defendants admit that the Plaintiff has attempted to invoke jurisdiction by virtue of the

Fourth Amendment to the Constitution of the United States, 42 U.S.C. § 1983, 42 U.S.C. § 1985,

42 U.S.C. § 1986, 28 U.S.C. § 1331, 28 U.S.C. §1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and

the doctrine of supplemental jurisdiction.  However, Defendants do not admit that jurisdiction is

proper and demand strict proof thereof.  Further, Defendants deny that the Plaintiff is entitled to

any relief and/or damages and that they violated any of the Plaintiff's rights under the laws and

constitutions of Alabama and the United States of America.

2.     Defendants admit in part that the Plaintiff's allegations take place in the Montgomery

County, Alabama which is in the Middle District of the State of Alabama.

## PARTIES

3.     Defendants are without sufficient information to admit or deny Plaintiff's age, citizenship

and residency.

4.     Defendants admit in part that Cook is over the age of nineteen (19) and is an officer of the

Montgomery Police Department.  Defendants deny that Cook committed any actions that resulted

in any harm to the Plaintiff and demand strict proof thereof.

5.      Defendants admit in part that Caulfield is over the age of nineteen (19) and is an officer

of the Montgomery Police Department.  Defendants deny that Caulfield committed any actions

that resulted in any harm to the Plaintiff and demand strict proof thereof.

6.       Defendants admit in part that Gordon is over the age of nineteen (19) and is an officer of

the Montgomery Police Department.  Defendants deny that Gordon committed any actions that

resulted in any harm to the Plaintiff and demand strict proof thereof.

7.      Defendants are without sufficient information to admit or deny the allegations in

paragraph seven (7).  Further, Major J.C. West is represented by separate counsel.  Therefore,

Defendants have no authority to respond to this allegation on his behalf.

8.      Defendants are without sufficient information to admit or deny the allegations in

paragraph eight (8).  Further, Chief Art Baylor is represented by separate counsel.  Therefore,

Defendants have no authority to respond to this allegation on his behalf.

9.      Defendants are without sufficient information to admit or deny the allegations in

paragraph nine (9).  Further, Anthony Arnaud is represented by separate counsel.  Therefore,

Defendants have no authority to respond to this allegation on his behalf.

10.     Defendants are without sufficient information to admit or deny the allegations in

paragraph ten (10).  Further, the City of Montgomery is represented by separate counsel.

Therefore, Defendants have no authority to respond to this allegation on his behalf.

11.     Defendants deny the existence of any collusion.  Further, the Defendants deny that there

are any other parties involved whom would be unknown to the Plaintiff.  Further still, there is no

federal statute or procedure which allows for fictitious party pleading.

## NATURE OF PROCEEDINGS

12.     Defendants admit in part as to the nature of the proceedings.  However, the Defendants

deny that there is any liability to be established on their parts or that the Plaintiff is entitled to any

relief or damages.

## FACTS

13.     Defendants expressly adopt as fully set forth herein the responses in the foregoing

paragraphs.

14.     Defendants deny the Plaintiff's version of the facts as set forth in paragraph fourteen (14)

and demand strict proof thereof.

15.     Defendants deny the Plaintiff's version of the facts as set forth in paragraph fifteen (15)

and demand strict proof thereof.

16.     Defendants deny the Plaintiff's version of the facts as set forth in paragraph sixteen (16)

and demand strict proof thereof.

17.     Defendants deny the Plaintiff's version of the facts as set forth in paragraph seventeen

(17) and demand strict proof thereof.

18.     Defendants deny the Plaintiff's version of the facts as set forth in paragraph eighteen (18)

and demand strict proof thereof.

19.     Defendants deny the Plaintiff's allegations as set forth in paragraph nineteen (19) as to its

allegations of false charges against the Plaintiff and demand strict proof thereof.  Further,

West is represented by separate counsel and the Defendants have no authority to respond to this

allegation on his behalf.

20.     Defendants deny the Plaintiff's allegations as set forth in paragraph twenty (20) as to its

allegations of false charges against the Plaintiff and demand strict proof thereof.  Further,

Baylor is represented by separate counsel, and the Defendants have no authority to respond to

this allegation on his behalf.

21.    Defendants deny the Plaintiff's allegations as set forth in paragraph twenty-one (21) as to

its allegations of false charges against the Plaintiff and demand strict proof thereof.  Further,

West and Baylor are represented by separate counsel and the Defendants have no authority to

respond to this allegation on their behalf.

22.    Defendants deny the allegations in paragraph twenty-two (22) and demand strict proof

thereof.

23.    Defendants deny the Plaintiff's allegations as set forth in paragraph twenty-three (23) and

demand strict proof thereof.  Further, the City of Montgomery is represented by separate counsel

and the Defendants have no authority to respond to this allegation on his behalf.

24.    Defendants deny the Plaintiff's allegations as set forth in paragraph twenty-four (24) and

demand strict proof thereof.

25.    Upon information and belief, Defendants do not know of any other suspects in the

Arnaud Meats burglary who were bitten by a police dog.

26.    Upon information and belief, Defendants assert that the Plaintiff's criminal case was

transferred without objection from Plaintiff from the district court to a Montgomery County

grand jury.  However, the Defendants deny any indication that the no-bill was the result of any

wrong doing or violations of the Plaintiff's rights by the Defendants and demand strict proof

thereof.

27.    Defendants deny the allegations in paragraph twenty-seven (27) and demand strict proof

thereof.

## CAUSES OF ACTION

28.     As to each of the counts below set forth, Defendants expressly adopt as if fully set forth

herein the responses of the foregoing paragraphs.

## COUNT I - 42 U.S.C. § - FALSE ARREST / FALSE IMPRISONMENT

29.     Defendants deny the Plaintiff's allegations as set forth in paragraph twenty-nine (29) and

demand strict proof thereof.

30.     Defendants deny the Plaintiff's allegations as set forth in paragraph thirty (30) and

demand strict proof thereof.

31.     Defendants deny the Plaintiff's allegations as set forth in paragraph thirty-one (31) and

demand strict proof thereof.

32.     Defendants deny the Plaintiff's allegations as set forth in paragraph thirty-two (32) as

they relate to manufactured evidence.  Further, Defendants West and Baylor are represented by

separate counsel, and the Defendants have no authority to respond to this allegation on their

behalf.

33.     Defendants deny the allegations set forth in paragraph thirty-three (33) and demand strict

proof thereof.

34.     Defendants deny the allegations set forth in paragraph thirty-four (34) and demand strict

proof thereof.

35.     Defendants deny the allegations set forth in paragraph thirty-five (35) and demand strict

proof thereof.

36.    Defendants deny the allegations set forth in paragraph thirty-six (36) and demand strict proof thereof.

37.    Defendants deny the allegations set forth in paragraph thirty-seven (37) and demand strict proof thereof.

38.    Defendants are without sufficient information to admit in part that the "proceedings" were terminated in Hogan's favor.

39.    Upon information and belief, Defendants believe that the case law cited by the Plaintiff can be read to establish that an arrest without probable cause is unconstitutional.  Defendants demand strict proof thereof.

40.    Upon information and belief, Defendants believe that the case law cited by the Plaintif can be read to establish that falsifying facts to establish probable cause is patently unconstitutional.  Defendants demand strict proof thereof.

41.    Defendants deny the allegations set forth in paragraph forty-one (41) and demand strict proof thereof.

### COUNT II -42 U.S.C. § 1983 - ABUSE OF PROCESS
### or, in the alternative
### MALICIOUS PROSECUTION

42.    Defendants deny the allegations set forth in paragraph forty-two (42) and demand strict proof thereof.

43.    Defendants admit that they are state actors to the extent that they are officers of the City of Montgomery Police Department.

44.    Defendants deny the allegations set forth in paragraph forty-four (44) and demand strict proof thereof.

45.    Defendants deny the allegations set forth in paragraph forty-five (45) and demand strict proof thereof.

46.    Defendants are without sufficient information that the "proceedings" were resolved in the Plaintiff's favor and demand strict proof thereof.  However, the Defendants deny that any implication that the Plaintiff's prosecution was done with malicious intent.

47.    Defendants deny the allegations set forth in paragraph forty-seven (47) and demand strict proof thereof.

48.    Defendants deny the allegations set forth in paragraph forty-eight (48) and demand strict proof thereof.

49.    Upon information and belief, Defendants believe that *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004) can be read to preclude the Plaintiff from relying upon the theory of "continuing seizure" as a basis for malicious prosecution when the Plaintiff was released on bond when the grand jury charges were resolved.  Further, the Defendants deny that the Eleventh Circuit analysis is incorrect and demand strict proof thereof.  Further still, Justice Ginsberg's opinion in 510 U.S. 266, 276-79 (1994) is merely a concurring opinion and has no binding authority upon the Eleventh Circuit or this Court.  Defendants deny that the Plaintiff's malicious prosecution claim is not frivolous and demand strict proof thereof.  Further, the Defendants state that the Plaintiff's attempt to challenge Eleventh Circuit precedent with this lawsuit is improper and unwarranted.

50.    Defendants deny that the Plaintiff has stated a *prima facie* case under § 1983.  Further, the Defendants deny the remaining allegations set forth in paragraph fifty (50) and demand strict proof thereof.

## COUNT III - COMMON LAW MALICIOUS PROSECUTION
### or, in the alternative,
### ABUSE OF PROCESS

51.     Defendants deny the allegations set forth in paragraph fifty-one (51) and demand strict proof thereof.

52.     Defendants deny the allegations set forth in paragraph fifty-two (52) and demand strict proof thereof.

53.     Defendants deny the allegations set forth in paragraph fifty-three (53) and demand strict proof thereof.

54.     Defendants deny the allegations set forth in paragraph fifty-four (54) and demand strict proof thereof.

55.     Defendants deny the allegations set forth in paragraph fifty-five (55) and demand strict proof thereof.

56.     Defendants deny the allegations set forth in paragraph fifty-six (56) and demand strict proof thereof.

57.     Defendants are without sufficient information to admit or deny that the criminal proceedings were terminated in Hogan's favor.  Defendants demand strict proof thereof.

58.     Defendants deny the allegations set forth in paragraph fifty-eight (58) and demand strict proof thereof.  Further, the Defendants assert that the existence of a "no-bill" does not create an inference that probable cause was lacking at the time of an arrest and/or prosecution.  *See Alabama Powers v. Neighbors*, 402 So. 2d 958, 962 (Ala. 1981).

## COUNT IV - 42 U.S.C. § 1985 CONSPIRACY

59.     Defendants deny the allegations set forth in paragraph fifty-nine (59) and demand strict

proof thereof.

60.     Defendants deny the allegations set forth in paragraph sixty (60) and demand strict proof

thereof.

61.     Defendants deny the allegations set forth in paragraph sixty-one (61) and demand strict

proof thereof.

62.     Defendants admit that they are state actors to the extent that they are officers of the City

of Montgomery Police Department.

63.     Defendants deny the allegations that state actors violated the Plaintiff's rights.  Further,

Defendant Arnaud is represented by separate counsel, and the Defendants do not have the

authority to respond to this allegation on his behalf.  However, Defendants deny actively

participating in any illegal act with Arnaud.

64.     Defendants deny the allegations set forth in paragraph sixty-four (64) and demand strict

proof thereof.

### COUNT V - 42 U.S.C. § 1986 FAILURE TO PREVENT VIOLATIONS

65.     Defendants admit that they are state actors to the extent that they are officers of the City

of Montgomery Police Department.  Further, Defendants West and Baylor are represented by

separate counsel, and the Defendants do not have the authority to respond to this allegation on

their behalf.

66.     Defendants deny the allegations set forth in paragraph sixty-six (66) and demand strict

proof thereof.  Further, Defendants West and Baylor are represented by separate counsel, and the

Defendants do not have the authority to respond to this allegation on their behalf.

67.     Defendants deny the allegations set forth in paragraph sixty-seven (67) and demand strict

proof thereof.  Further, Defendants West and Baylor are represented by separate counsel, and the Defendants do not have the authority to respond to this allegation on their behalf.

68.     Defendants deny the allegations set forth in paragraph sixty-eight (68) and demand strict proof thereof.

## COUNT VI - MUNICIPAL LIABILITY

69.     Defendants deny the allegations set forth in paragraph sixty-nine (69) and demand strict proof thereof.

70.     Defendants deny the allegations set forth in paragraph seventy (70) and demand strict proof thereof.

71.     Defendants deny the allegations set forth in paragraph seventy-one (71) and demand strict proof thereof.

72.     Defendants deny the allegations set forth in paragraph seventy-two (72) and demand strict proof thereof.  Further, the City of Montgomery is represented by separate counsel, and the Defendants do not have the authority to respond to this allegation on its behalf.

## PRAYER FOR RELIEF

a)     Defendants deny that the Plaintiff is entitled to said relief and demands strict proof thereof;

b)     Defendants deny that the Plaintiff is entitled to said relief and demands strict proof thereof;

c)     Defendants deny that the Plaintiff is entitled to said relief and demands strict proof thereof;

d)     Defendants deny that the Plaintiff is entitled to said relief and demands strict proof

thereof;

e)    Defendants deny that the Plaintiff is entitled to said relief and demands strict proof

thereof;

f)    Defendants deny that the Plaintiff is entitled to said relief and demands strict proof

thereof.

Respectfully Submitted,


/s/ H. Lewis Gillis
**H. LEWIS GILLIS**
**CHRISTOPHER K. WHITEHEAD**
**RAMADANAH M. SALAAM**

**OF COUNSEL:**
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing has been served upon the following through this Court's electronic filing/notification system and United States mail on this the 25th day of August, 2005.

Jay Lewis, Esq.
Keith Anderson Nelms, Esq.
**Law Offices of Jay Lewis, LLC**
P.O. Box 5059
Montgomery, AL 36103-5059
334-263-7733
Fax: 334-832-4390

Walter Byars, Esq.
Kimberly O. Fehl, Esq.
**Montgomery City Attorney's Office**
P.O. Box 1111
Montgomery, AL 36101-1111
334-241-2050
Fax: 334-241-2310

James G. Bodin, Jr., Esq.
**McPhillips, Shinbaum L.L.P.**
P.O. Box 64
Montgomery, AL 36101-0064
(334) 262-1911
(334) 263-2321

/s/ H. Lewis Gillis
**OF COUNSEL**