IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**CHAD HOGAN**              *

    **Plaintiff,**         *

v.                                                    Case# 2:05CV687- MHT

                            *

**CITY OF MONTGOMERY,**     *
**ANTHONY ARNAUD, et al.**

    **Defendants,**

## DEFENDANT ARNAUD'S MOTION TO SHOW CAUSE

COMES NOW the Defendant Anthony Arnaud, hereinafter "Defendant" and hereby shows cause why Plaintiff Hogan's application for default judgment must be denied, as follows:

1.    Defendant's answer was filed immediately upon retaining counsel on or about September 12, 2005. Although a default entry has not been entered in this matter, the following factors are relevant as to why an entry of default should not be entered against this Defendant. For good cause shown the court may set aside or refuse to grant a default judgment. The United States Court of Appeals for the Eleventh Circuit expounded upon Rule 55(c)'s "good cause" standard as follows:

> "Good cause is a mutable standard, varying from situation to situation. It is also a liberal one--but not so elastic as to be devoid of substance ... Good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered 1) whether the default was culpable or willful, 2) whether setting it aside would prejudice the adversary, and 3) whether the defaulting party presents a meritorious defense ... These factors are not talismanic, and ... courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard

for the judicial proceedings, the court need make no other findings in denying relief." <u>DirecTV, Inc. v. Carlson</u>, 2004 U.S. Dist. LEXIS 15883, (M.D. Ala. 2004); *quoting* <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951-52 (11th Cir. 1996).

    2.    Defendant concedes that he exceeded the time period to file his answer. Defendant's answer was filed immediately upon retaining counsel. The Defendant's actions were a misunderstanding and not recklessly done to disregard this Court's orders. Defendant did not understand he was required to file an answer until he spoke with counsel and mistakenly assumed he was listed on the paperwork as the owner of the store where the incident occurred. Defendant has been made aware that he is a Defendant in this case and the importance of adhering to the Court's schedule and time limitations required by the rules of procedure.

    3.    Plaintiff has not demonstrated to this Court that he has been prejudiced in this litigation or suffered any loss by this Defendant's short delay filing the answer.

    4.    The Defendant has meritorious defenses to all of the material allegations within Plaintiff's complaint, including but not limited to malicious prosecution, abuse of process, and conspiracy such that if the matter were allowed to be heard, this Defendant will prove that all of the Plaintiff's allegations in the complaint are without merit.

    5.    The interest of justice require that this matter be determined on the merits as opposed to a procedural bar to full and complete adjudication. If required, oral argument is hereby respectfully requested before this default issue is decided.

Respectfully submitted on this 20th day of September, 2005.

OF COUNSEL:
**McPHILLIPS, SHINBAUM, L.L.P.**
516 S. Perry Street
P.O. Box 64
Montgomery, AL 36101
(334) 262-1911
(334) 263-2321 fax

      /s/ James G. Bodin
      JAMES G. BODIN  (BOD005)
      Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by delivery U.S. mail on this the 20th day of September, 2005.

Anderson Nelms, Esq.
Law Office of Jay Lewis, LLC
P. O. Box 5059
Montgomery, Alabama 36103-5059

Kimberly O. Fehl, Esq.
Montgomery City Attorney's Office
P. O. Box 1111
Montgomery, Alabama 36101-1111

Christopher Whitehead, Esq.
Lewis Gillis, Esq.
Thomas, Means, Gillis & Seay, P.C.
P. O. Drawer 5058
Montgomery, Alabama 36103-5058

      /s/ James G. Bodin
      OF COUNSEL