**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CHAD HOGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No:. 2:05CV687** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF MONTGOMERY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION TO COMPEL**

**COME NOW** Defendants Lieutenant Ronald Cook ("Cook"), Lieutenant William

Caulfield ("Caulfield") and Canine Officer J.M. Gordon ("Gordon"), and hereby move this Court

to enter an order compelling the Plaintiff to respond to certain written discovery requests that

were previously served on the Plaintiff. In support of this motion, the Defendants would offer

the following:

**FACTS**

On or around October 27, 2005, the Defendants served their initial written discovery requests

upon counsel for the Plaintiff. Included in these discovery requests were interrogatories which

questioned the Plaintiff's basis of information as to several detailed allegations that the Plaintiff

made in his complaint. The Defendants further inquired as to the substance of any conversations or

correspondence that the Plaintiff or his attorney may have had with a primary witness in this case

named Kirk Pelham. In response, the Plaintiff refused to answer on the basis of attorney-client

privilege as to interrogatories 7, 9, and 10, and attorney-client privilege and the work product

privilege as to interrogatory 11.  Specifically, the applicable interrogatories and responses were as

follows:

> 7.      Please describe in detail who informed you or your attorney of the facts that you allege in paragraph 15 of the Complaint, including the name of the person who informed you, the date or dates on which you discussed these matters with them, and how you knew that this person had this information.

> **Response: Objection.  Matter of Attorney/Client Privilege**

> 9.      Please describe in detail who informed you or your attorney of the facts that you allege in paragraph 17 of the Complaint, including the name of the person who informed you, the date or dates on which you discussed these matters with them, and how you knew that this person had this information.

> **Response: Objection.  Matter of Attorney/Client Privilege**

> 10.     Please describe in detail who informed you or your attorney of the facts that you allege in paragraph 18 of the Complaint, including the name of the person who informed you, the date or dates on which you discussed these matters with them, and how you knew that this person had this information.

> **Response: Objection.  Matter of Attorney/Client Privilege**

> 11.     Please detail the content of each conversation or correspondence that you, or your attorney, has had with Kirk Pelham, or Kirk Pelham's attorney, since on or after March 31, 2005; including the date of such conversation or correspondence, and the facts which were discussed in such conversation or correspondence.

> **Response: Objection.  Matter of Attorney/Client Privilege and work product**

 (See Defendant's Exhibit 1).  On December 14, 2005, the Defendants mailed a letter to counsel for

the Plaintiff clarifying that the interrogatories sought no information regarding conversations which

occurred between the Plaintiff and his counsel.   The letter further requested that the Plaintiff

reconsider his claims of privilege regarding these interrogatories within ten days.  (See Defendant's

Exhibit 2).  To date, counsel for the Defendants has not received a response to this letter.

2

**ARGUMENT**

Regarding claims of attorney-client, the Eleventh Circuit held in *U.S. v. Norriega,* 917 F.2d

1543, 1550 (11th. Cir. 1990) as follows:

To support its claim of privilege, [a party] must show the following:

(1) the asserted holder of the privilege **is or sought to become a client**; (2) the person to
whom the communication was made (a) is [the] member of a bar of a court, or his
subordinate and (b) in connection with this communication is acting as a lawyer; (3) the
communication relates to a fact of which the attorney was informed (a) **by his client** (b)
without the presence of strangers (c) for the purpose of securing primarily either (i) an
opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d)
for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and
(b) not waived by the client. (quoting *United States v. Kelly,* 569 F.2d 928, 938 (5th Cir.),
*cert. denied,* 439 U.S. 829, 99 S.Ct. 105, 58 L.Ed.2d 123 (1978) (quoting *In re Grand Jury
Proceedings,* 517 F.2d 666, 670 (5th Cir.1975). (emphasis added).

Accordingly, the attorney client privilege only applies to communications made between an

attorney and/or the attorney's subordinate and their client.  However, these interrogatories merely

request information regarding the substance of conversations which the Plaintiff or his attorney had

with third parties.  The interrogatories do not seek information regarding conversations between the

Plaintiff and his attorneys.  In fact, counsel for the Defendants clarified this point in the letter written

to Plaintiff's counsel. (See Defendants' Exhibit 2).  The Plaintiff still maintains his claim to the

privilege.

In regard to Interrogatory #11, the Plaintiff has asserted not only the attorney-client privilege,

but also the work product doctrine.   Kirk Pelham and his attorney are third parties, therefore any

conversations or correspondence which occurred between Pelham or his attorney and the Plaintiff

or his lawyer would not be protected by the attorney-client privilege.  Furthermore, Rule 26(b)(3)

of the Federal Rules of Civil Procedure only applies work product protection to "documents and

tangible things".   Accordingly, the work product doctrine is inapplicable to an interrogatory which

merely seeks the discovery of relevant facts.

### CONCLUSION

For the above stated reasons, the Defendants hereby move this Honorable Court to enter an

order denying the Plaintiff's claims to attorney client privilege and the work product doctrine

regarding the above referenced interrogatories, and further move this Court to enter an order

compelling the Plaintiff to fully respond to the interrogatories.

Respectfully Submitted,


/s/ Christopher K. Whitehead
**H. LEWIS GILLIS**
**CHRISTOPHER K. WHITEHEAD**
**RAMADANAH M. SALAAM**


**OF COUNSEL:**
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following through this Court's electronic filing/notification system and United States mail on this the 18th day of January, 2006.

Jay Lewis, Esq.
Keith Anderson Nelms, Esq.
**Law Offices of Jay Lewis, LLC**
P.O. Box 5059
Montgomery, AL 36103-5059
334-263-7733
Fax: 334-832-4390

Walter Byars, Esq.
Kimberly O. Fehl, Esq.
**Montgomery City Attorney's Office**
P.O. Box 1111
Montgomery, AL 36101-1111
334-241-2050
Fax: 334-241-2310

James G. Bodin, Jr., Esq.
**McPhillips, Shinbaum L.L.P.**
P.O. Box 64
Montgomery, AL 36101-0064
(334) 262-1911
(334) 263-2321


/s/ Christopher K. Whitehead
**OF COUNSEL**