)                                                    )

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHAD HOGAN,                          *
    Plaintiff,                       *
                                     *
        v.                         *    Case No. 2:05-cv-687-MHT-VPM
                                     *
CITY OF MONTGOMERY, et al.,          *
    Defendants.                      *

## PLAINTIFF'S ANSWERS TO DEFENDANTS CAULFIELD, COOK AND GORDON'S FIRST INTERROGATORIES

COMES NOW Plaintiff, Chad Hogan, and in response to Defendants Caulfield, Cook and Gordon's First Interrogatories in the above styled cause, and pursuant to the Federal Rules of Civil Procedure and states as follows:

1.    State your full name, date of birth, and social security number.

**RESPONSE: Chad Lamar Hogan; May 26, 1979; 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.**

2.    Please state your current address.

**RESPONSE: 1338 Karen Valley Place, Montgomery, Alabama 36117.**

3.    Have you ever been known by any other names? If so, please list each and every other name.

**RESPONSE: No.**

4.    Please list all your places of employment for the past ten years, including the approximate dates of hiring and leaving.

**RESPONSE: Wiley Sanders Trucking Line, from April 2004 to present;**

        **Robert Henry Tile, 2001 until 2004;**

        **Schwan Food, 2000 until 2001;**

Defendant's Exhibit

1

**Alabama Correctional Facility, 1998 until 2000;**

**Winn Dixie Warehouse, approximately six months in 1998;**

**Cracker Barrel; 1997or 1998**

**Morrison's Restaurant, 1996-1997**

**McDonalds, 1996.**

5.    Have you ever been arrested other than the incident that made the basis of this lawsuit? If so, please state the sate of the arrest, the charge, and the final disposition of said charge.

**RESPONSE: Yes, in 1998, I was convicted with robbery and served a two year sentence in The Department of Corrections, Montgomery County, Alabama. In 2005, I was charged with harassment by a Montgomery Police Office and I paid a fine. I was charged with domestic violence this year in Montgomery County and attended an anger management class. I have had approximately four minor traffic tickets all in Montgomery County in the time frame requested.**

6.    Other than this lawsuit, have you ever been a party to another lawsuit? If so, please state the nature of the case, the case style and number, the court in which the action was filed, and the final disposition of the case.

**RESPONSE: Other than my response to Interrogatory 5 herein, I have not been a party to any other lawsuits.**

7.    Please describe in detail who informed you or your attorney of the facts that you allege in paragraph 15 of the Complaint, including the name of the person who informed you, the date or dates on which you discussed these matters with them, and how you knew that this person had this information.

**RESPONSE: Objection. Matter of Attorney/Client privilege.**

8.     Please describe in detail who informed you or your attorney of the facts that you allege in paragraph 16 of the Complaint, including the name of the person who informed you, the date or dates on which you discussed these matters with them, and how you know that this person had this information.

**RESPONSE: I was there on the scene.**

9.     Please describe in detail who informed you or your attorney of the facts that you allege in paragraph 17 of the Complaint, including the name of the person who informed you, the date or dates on which you discussed these matters with them, and how you knew that this person had this information.

**RESPONSE: Objection. Matter of Attorney/Client privilege.**

10.    Please describe in detail who informed you or your attorney of the facts that you allege in paragraph 18 of the Complaint, including the name of the person who informed you, the date or dates on which you discussed these matters with them, and how you knew that this person had this information.

**RESPONSE: Objection. Matter of Attorney/Client privilege.**

11.    Please detail the content of each conversation or correspondent that you, or your attorney, has had with Kirk Pelham, or Kirk Pelham's attorney, since on or after March 31, 2005; including the date of such conversation or correspondence, and the facts which were discussed in such conversation or correspondence.

**RESPONSE: Objection. Matter of Attorney/Client privilege and work product.**

12.    If any such communication referenced in Interrogatory 26 [sic] above occurred by letter, facsimile, electronic mail, or other form which was capable of being reduced to writing,

please provide a copy of every such communication.

**RESPONSE:  I do not fully understand the question; however, to the best of my knowledge,**

**no such document(s) exist.**

13.    In paragraph 26 of the Complaint, you allege that the City of Montgomery has and

maintains a policy, practice, or custom by which the City seeks to charge with a crime all

persons injured in encounters with police officers employed by the City, whether or not

there is a probable cause to believe that a crime has been committed. Please describe in

detail all evidence you have to support that such a policy, practice, or custom exists.

**RESPONSE:  The fact that you wrongfully arrested me without probably cause shows**

**there is a policy, practice or custom exists.**

14.    Please state the total amount of monetary loss which you allege you incurred in the

Complaint, and please provide an itemized detail of how such losses are attributed.

**RESPONSE: I had to post a bond and lost one day of work. I have no way of knowing the**

**amount of money I would have made at work that day.**

15.    Please state whether you saw a health care professional in relation to any of the emotional

distress or mental anguish you allege in the Complaint.  If so, please state the name and

address of each health care professional, the dates of each visit, and the treatment,

prescriptions and/or diagnosis that each health care professional recommended.

**RESPONSE: No.**

Respectfully submitted this the _11_ day of November, 2005.

_____
ANDY NELMS (NEL022)
JAY LEWIS (LEW031)
Attorneys for Plaintiff


OF COUNSEL:

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, Alabama, 36104
334-263-7733


## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing to counsel of record listed below by placing same in the United States mail, properly addressed and postage prepaid on this the _____ day of November, 2005.


James G. Bodin
P.O. Box 64
Montgomery, Alabama 36101

Christopher Whitehead
Lewis Gillis
Ramadanah Maryum Salaam
P.O. Drawer 5058
Montgomery, AL 361035058

Kim O. Fehl
City of Montgomery
P.O. Box 1111
Montgomery, AL 36101-1111

_____
OF COUNSEL

# THO. .AS, MEANS, GILLIS & SE.. /, P.C.

*ATTORNEYS AND COUNSELLORS AT LAW*
*ESTABLISHED IN 1981*
*WEBSITE: www.tmgslaw.com*
*PLEASE REPLY TO SENDER AT:*

KENNETH L. THOMAS [1,3]
TYRONE C. MEANS [1,2,4]
H. LEWIS GILLIS [1]
QUINTON S. SEAY [2]
MICHAEL E. GURLEY [1,6,7]
C. WADE ROBINSON [1]
EUGENE FELTON, JR. [2]
JACQUELINE C. SMOKE [1]
CHRISTOPHER K. WHITEHEAD [1]
FREDERIC A. BOLLING [1]
AFRIKA C. PARCHMAN [1]
JOI C. SCOTT [1]
CHARLES JAMES, II [1]
APRIL W. ROBINSON [1]
RAMADANAH M. SALAAM [1]
CAMILLE L. EDWARDS [1]
KELVIN W. HOWARD [1]


OF COUNSEL:

ROBERT SIMMS THOMPSON [1], P.C.
308 N. ELM STREET
TUSKEGEE, AL 36083


ADMITTED:
[1] ALABAMA
[2] GEORGIA
[3] DISTRICT OF COLUMBIA
[4] KANSAS
[5] COLORADO
[6] OHIO


MONTGOMERY OFFICE:
3121 ZELDA COURT
P.O. DRAWER 5058
MONTGOMERY, AL 36103-5058
TELEPHONE: (334) 270-1033
FACSIMILE: (334) 260-9396


BIRMINGHAM OFFICE:
505 - 20TH STREET NORTH
SUITE #400 - FINANCIAL CENTER
P.O. DRAWER 11365
BIRMINGHAM, AL 35202-1365
TELEPHONE: (205) 328-7915
FACSIMILE: (205) 214-6160


ATLANTA OFFICE:
THE EQUITABLE BUILDING
100 PEACHTREE STREET, N.W.
SUITE #400
ATLANTA, GA 30303
TELEPHONE: (404) 222-8400
FACSIMILE: (404) 222-0080


LIVINGSTON OFFICE:
112 MARSHALL STREET
P.O. BOX 907
LIVINGSTON, AL 35470-0907
TELEPHONE: (205) 652-6106
FACSIMILE: (205) 652-2177

*Montgomery Office*
Sender's Direct Dial:   (334) 213-4419
*Sender's E-mail Address:*
ckwhitehead@tmgslaw.com


December 14, 2005


Andy Nelms, Esq.
**Law Office of Jay Lewis, LLC**
P.O. Box 5059
Montgomery, Alabama


Re:    *Hogan, Chad v. City of Montgomery, et al.*
       *Civil Action No.: 2:05-cv-687-MHT*
       *In the United States District Court for the Middle District of Alabama*
       *Our File Number: 3236-016*


Dear Andy:

I am enclosing my client's responses to your initial discovery requests. I apologize for the delay in forwarding our responses to you.

I am also in receipt of your responses to my clients' first interrogatories. In response to interrogatories 7, 9, and 10, you have refused to respond on the basis of attorney-client privilege. To the extent that there is any confusion about the substance of these interrogatories, we are in no way inquiring about the substance of any conversations that occurred between you or Jay and Mr. Hogan where no other person was involved in the conversation, or where the content of the conversation was not disclosed to any third party. We are simply asking about information obtained from third parties in these interrogatories, which is in no way privileged.    Accordingly,    please    reconsider    your    objections    to    these interrogatories. If we do not receive a full response to these interrogatories within the next then days, we will have to file a motion to compel.

You have asserted not only the attorney-client privilege to interrogatory #11, but also the work product doctrine. Neither Kirk Pelham or his attorney is your client, so any conversations or correspondence which occurred between Pelham or his attorney and your office or Chad Hogan would not be protected by the attorney-client privilege. Furthermore, Rule 26(b)(3) of the Federal Rules of Civil Procedure only applies work product protection to "documents and tangible things".    Accordingly, we feel your reliance on the work product doctrine in response to this interrogatory is wholly misplaced, and we would ask that you

Defendant's Exhibit

2

*Andy Nelms, Esq.*
*December 14, 2005*
*Page 2*

reconsider your objection. If we do not receive a full response to these interrogatories within the next ten days, we will have to file a motion to compel.

In your client's response to Interrogatory 12, Mr. Hogan indicates that he does not understand the question. Accordingly, I am enclosing a new discovery request which should clear up any further confusion on this point.

If you have any further questions, please give me a call.

Sincerely,

THOMAS, MEANS, GILLIS & SEAY, P.C.

Christopher K. Whitehead
CKW:acp

cc:    Kim Fehl
       H. Lewis Gillis

# THOMAS, MEANS, GILLIS & SEAY, P. C.