IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHAD HOGAN,                          )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CASE NO. 2:05-CV-687-WKW
                                     )
CITY OF MONTGOMERY, *et al.*,        )
                                     )
        Defendants.                  )


## ORDER

This case is before the Court on the plaintiff's Application for Default Judgment (Doc. # 10), filed on September 8, 2005.  The plaintiff seeks default judgment against defendant Anthony Arnaud, who filed his answer seventeen days late.  Arnaud claims he did not realize he was required to file an answer until he retained an attorney.  Immediately upon retaining an attorney, he filed his answer.

Although the plaintiff has never filed an application for entry of default, both parties have argued that the standard in Federal Rule of Civil Procedure 55(c), "Setting Aside Default," should apply here.  The rule states that "[f]or good cause shown the court may set aside an entry of default."  Fed. R. Civ. P. 55(c).  The Eleventh Circuit has held that "a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so." *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202-03 (11th Cir. 1999).  However, "[d]oubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by [a party's] attorney should not deprive [the party] of an opportunity to present the true merits of his claims." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).  In the

present case, the plaintiff has not demonstrated what prejudice would result from denying the application for default judgment and allowing the case to proceed on the merits. Further, Arnaud has offered an explanation for his failure to answer the complaint in a timely fashion and has acknowledged the importance of adhering to future deadlines. For these reasons, the Court finds that the interests of justice are best served by denying the plaintiff's motion.

It is therefore ORDERED that the plaintiffs' Application for Default Judgment (Doc. # 10) is DENIED.

DONE this the 14th day of June, 2006.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE