**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CHAD HOGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No:. 2:05CV687** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF MONTGOMERY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS COOK, CAULFIELD AND GORDON'S**
**MOTION  FOR SUMMARY JUDGMENT**

**COME NOW** Defendants Lieutenant Ronald Cook ("Cook"), Lieutenant William Caulfield ("Caulfield") and Canine Officer M.D. Gordon ("Gordon"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, and hereby move this Honorable Court to grant summary judgment in their favor. As grounds for this Motion, and without waiving any other position that may be asserted at a later time, the Defendants state the following:

1.      The Plaintiff's common law malicious prosecution claims are due to be dismissed with prejudice because the facts alone establish probable cause regardless of whose events this Court considers.   The elements of a malicious prosecution claim are (1) the initiation of a judicial proceeding, (2) a lack of probable cause, (3) malice, (4) termination of the action in favor of the party against whom the judicial proceeding was initiated, and (5) resulting damage.  *See eg., Kmart, Inc. v. Asaro*; 751 So. 2d 513, 515-16 (Ala.Civ.App. 1999); *Montgomery v. City of Montgomery*, 732 So. 2d 305 (Ala.Civ.App. 1999).

2.      The Plaintiff's contention that the probable cause was based on fabrication also fails

to establish a common law claim of malicious prosecution.  The Plaintiff's claim can not stand

unless he can show that the facts absent the alleged fabrication, fail to establish probable cause.  See

*Hill v. McIntyre*, 884 F.2d 271 (6th Cir. 1989).

3.      Furthermore, it is well settled in Alabama that when the facts regarding the existence

of probable cause are not in dispute, then the issue of probable cause is a question of law for the

court. *Lee v. Minute Stop*, *Inc.,* 874 So.2d 505, 511 (Ala. 2003).

4.      Probable cause is defined as a reasonable ground for suspicion, supported by

circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the

person accused is guilty of the offense charged.  *See Hunter v. Bryant*,  502 U.S. 224, 228

(1991)(quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). That standard is clearly met under the

admitted facts of this case.

5.      The Plaintiff's abuse of process claims are due to be dismissed with prejudice. It

should first be noted that Abuse of Process is not a "lesser included tort" of Malicious Prosecution.

Instead, it is a wholly different cause of action which has wholly separate elements.   In *Shoney's,*

*Inc.  v. Barnett*, 773 So.2d 1015 (Ala.Civ. App. 1999),  the court specifically noted that Abuse of

Process concerns the wrongful <u>use</u> of process <u>after</u> the process has been issued, whereas Malicious

Prosecution is concerned with the wrongful issuance of process itself.

6.      Likewise, it should be noted that there is no evidence that the Defendants took <u>any</u>

action related to Hogan <u>after</u> the process had been issued.  The prosecution of a criminal case before

the Grand Jury is by law the duty of and within the sole purview of the Office of the District

Attorney for the respective judicial circuit. *See* Ala. Const. Art. VI, §167; Ala.  Const. Amendment

226.  Furthermore, Hogan does not allege that any further action has been taken on the charges since

the Grand Jury chose not to indict him.

7.      Defendants Cook, Caulfield and Gordon are entitled to discretionary function immunity. Ala. Code § 6-5-338(a) (1975) provides that "every [law enforcement] officer . . . shall have immunity from tort liability arising out of [his] conduct in performance of any discretionary function within the line and scope of [his] law enforcement duties." *See* Ala. Code § 6-5-338 (1975). Even negligent acts of a police officer are within the purview of this section.

8.      "Discretionary functions were defined as those in which there are no hard and fast rules as to the course of conduct that one must or must not take and those acts requiring an exercise in judgment and choice involving what is just and proper under the circumstances." *Ex parte City of Gadsden*, 781 So. 2d 936, 938 (Ala. 2000).

9.      Generally, arrests and attempted arrests are classified as discretionary functions. *Telfare v. City of Huntsville*, 841 So. 2d 1222 (Ala. 2002). Alabama case law has clearly established that discretionary function immunity shields police officers who make an arrest based on probable cause or an arrest warrant even if the person arrested is ultimately acquitted. *See Moore v. Crocker*, 2002 WL 539002 (Ala. April 12, 2002).

10.     The Plaintiff's 42 U.S.C. § 1983 claims for false arrest are due to be dismissed with prejudice. The Eleventh Circuit has clearly held that in order to establish a False Arrest claim under §1983, a claimant must "meet the elements of common law false imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th. Cir.1996)(citations omitted).

11.     "To prove a § 1983 claim for false arrest, a plaintiff must demonstrate the absence of probable cause. The existence or absence of probable cause can be determined as a matter of law

3

from the facts." *See Sullivan v. City of Pembroke Pines*, 2006 WL 63959, p. 2 (11th. Cir. 2006) (citations omitted)(emphasis added). Hogan must demonstrate that he was unlawfully arrested without probable cause. The Defendants had probable cause as a matter of law to arrest Hogan. The Plaintiff's claim for false arrest under § 1983 is due to be dismissed.

12.    The Plaintiff's claims for 42 U.S.C. § 1983 malicious prosecution and abuse of process claims are due to be dismissed. The Plaintiff acknowledges in ¶ 49 of his Complaint that the Eleventh Circuit specifically held in *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004) that a claim for malicious prosecution under § 1983 cannot be maintained under a "continuing seizure" theory.

13.    The Plaintiff further acknowledges in ¶ 49 of his Complaint that *Kingsland* precludes his claim, but concludes by stating that the assertion of his § 1983 claim for malicious prosecution is "intended to challenge Eleventh Circuit precedent." Obviously, this Court is bound by the decisions of the Eleventh Circuit. In light of the fact that the Plaintiff admits that the Eleventh Circuit has already ruled that a claim such as this cannot be maintained, his claim is due to be dismissed by this Court.

14.    Even if the Plaintiff claim were allowed to proceed under a "continuing seizure theory," his § 1983 claim for malicious prosecution would still fail. As clearly established in the preceding sections, Hogan cannot establish a common law claim for malicious prosecution due to the existence of probable cause. Accordingly, his §1983 claim for malicious prosecution fails as well.

15.    The Plaintiff cannot establish a § 1983 claim for abuse of process. The Plaintiff must show that the activity of the Defendants not only amounted to abuse of process under color of law,

4

but he must also show that the Defendants' activity resulted in a constitutional deprivation.  The Plaintiff cites no constitutional deprivation of any sort in regard to his § 1983 claim for Abuse of Process.  In *Beker Phosphate Corp. v. Muirhead,* 581 F.2d 1187 (5th Cir. 1978), the former Fifth Circuit held that claims which simply cite abuse of process while acting under color of law are insufficient to support a claim under § 1983.  Because the Plaintiff fails to cite any violation of his constitutional rights  regarding his §1983 claim for Abuse of Process, his claim is due to be denied.

16.     Even if the Plaintiff could show a violation of a constitutional right, Defendants Cook, Caulfield and Gordon are entitled to qualified immunity. Under this theory, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

17.     [T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *See Anderson v. Creighton*., 483 U.S. 635, 640 (1987).

18.     An officer is entitled to fair warning that what he is doing is a violation of a clearly established right.  *See Hope v. Pelzer*, 536 U.S. 730 (2002).  The standard is an objective one, *Harlow* at 818, and therefore does not include an inquiry into the officers' subjective intent or beliefs. *See Anderson* at 639.  In sum, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *See Malley v. Briggs*, 475 U.S. 335, 341 (1986).

19.     In determining whether qualified immunity exists with respect to the Plaintiff's claims, the issue is not probable cause in fact but "arguable" probable cause.  *See Montoute v. Carr*,

114 F.3d 181, 184 (11th Cir. 1997). Actual probable cause is not necessary for an arrest to be objectively reasonable. Because only arguable probable cause is needed, "the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." *Id.*    "Even law enforcement officials who reasonably but  mistakenly conclude that probable cause is present are entitled to immunity." *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (internal quotation marks omitted).

20.    Indeed, "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and ... in such cases those officials ... should not be held personally liable." *See Anderson* at 641; *see also Tillman v. Coley*, 886 F.2d 317 (11th Cir. 1989) (recognizing that an officer who effects an arrest without probable cause may be protected by qualified immunity).

21.    In the instant case, as shown above, it has been conclusively established that the officers had probable cause to believe that Hogan had committed a burglary. Even if this Court finds they did not have actual probable cause, they certainly had arguable probable cause for the reasons illustrated above. In addition, Hogan cannot show that causing an individual to be arrested based on the reasonable information that was available to the Defendants is a violation of a clearly established constitutional right.

22.    The Plaintiff's claims for conspiracy under 42 U.S.C. § 1985 are due to be dismissed. Although this statute has three (3) distinct and separate subsections which prohibit different types of conspiracies, Hogan fails to identify which subsection he is proceeding under. The only subsection that might seem remotely applicable would be Subsection Three (3), which prohibits conspiracy to

deprive persons of rights or privileges.

23.    The Eleventh Circuit, along with several other circuits, has repeatedly held that § 1985(3) requires a showing of racial animus, or perhaps otherwise class based discriminatory animus, which would be violative of the equal protection clause on the part of the conspirators.  See *Lucero v. Operation Rescue*, 954 F.2d 624, 627 (11th Cir. 1992). In fact, the Eleventh Circuit has repeatedly declined to apply §1985(3) to any context outside of racial discrimination; See *Lucero* at 628 (declining to apply § 1985(3) to women seeking abortions as a class); *McClellan v. Mississippi Power & Light Co.*, 545 F.2d 919, 933 (declining to apply § 1985(3) to bankrupts as a class); *Childree* at 1147 (declining to apply § 1985(3) to whistleblowers as a class). Hogan does not allege that the Defendants conspired against him on the basis of race, or any other class based animus which might be remotely applicable.

24.    The Plaintiff's claims for failure to prevent violations under 42 U.S.C. § 1986 are due to be dismissed.  The Eleventh Circuit has clearly held that claims under 42 U.S.C. § 1986 are derivative of conspiracy claims brought under 42 U.S.C. § 1985.  See *Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997).   In other words, "§ 1986 only provides a cause of action in the existence of a § 1985(3) conspiracy...".  *Park* at 1160.  As set forth in the preceding section, the Plaintiff cannot establish a § 1985(3) conspiracy because he cannot show a discriminatory animus on the part of any of the named Defendants.   Because the Plaintiff cannot establish a § 1985 conspiracy, he also cannot establish a derivative § 1986 claim for failure to prevent violations.

**WHEREFORE, PREMISES CONSIDERED,** Defendants requests that this Court grant Summary Judgment in their favor based on the foregoing.

Respectfully Submitted,


/s/ Christopher K. Whitehead
**H. LEWIS GILLIS**
**CHRISTOPHER K. WHITEHEAD**
**RAMADANAH M. SALAAM**


**OF COUNSEL:**
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103
(334) 270-1033 (phone)
(334) 260-9396 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon the following through this Court's electronic filing/notification system and United States mail on this the 14th day of July, 2006.

Jay Lewis, Esq.
Keith Anderson Nelms, Esq.
**Law Offices of Jay Lewis, LLC**
P.O. Box 5059
Montgomery, AL 36103-5059
334-263-7733
Fax: 334-832-4390

Walter Byars, Esq.
Kimberly O. Fehl, Esq.
**Montgomery City Attorney's Office**
P.O. Box 1111
Montgomery, AL 36101-1111
334-241-2050
Fax: 334-241-2310

James G. Bodin, Jr., Esq.
**McPhillips, Shinbaum L.L.P.**
P.O. Box 64
Montgomery, AL 36101-0064
(334) 262-1911
(334) 263-2321


/s/ Christopher K. Whitehead
**OF COUNSEL**

9