### IN UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| CHAD HOGAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:05-cv-687-WKW |
| | ) |
| | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
|     Defendants. | ) |

### MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, CITY OF MONTGOMERY, A.D. BAYLOR AND J.C. WEST

Defendants, City of Montgomery, A.D. Baylor and J.C. West, adopt and incorporate the Motion for Summary Judgment with supporting evidentiary submissions and Memorandum of Law submitted by Defendants W.W. Caulfield, J.M. Gordon and Ronald Cook.

Pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, the Defendants, by and through the undersigned attorney, move the Court for summary judgment as the facts and law of this case show that there is no genuine issue as to any material fact and that as moving party it is entitled to judgment as a matter of law. In support of the Motion for Summary Judgment, Defendants rely on and submit the following:

    1.    PL 1, Complaint;

    2.    PL 2, Answers of Defendants;

    3.    PL 3, Plaintiffs Answers to Defendants First Set of Interrogatories;

4. PL 4, Answers and Responses of Defendant, Art Baylor, to Plaintiff's Consolidated Discovery Request;

5. PL 5, Answers and Responses of Defendant, M.D. Gordon, to Plaintiff's Consolidated Request;

6. Defendants' Memorandum of Law in support of summary judgment with the following evidentiary submissions:

>  *DX 1, Chad Hogan Deposition Excerpts*
>
> *DX 2, R.D. Stuart Affidavit*
>
> *DX 3, M.D. Gordon Deposition Excerpts*
>
> *DX 4, Kirk Pelham Deposition Excerpts*
>
> *DX 5, Montgomery Property Inventory Sheet*
>
> *DX 6, Anthony Arnaud Deposition Excerpts*
>
> *DX 7, Affidavit and Complaint*
>
> *DX 8, Warrant of Arrest*
>
> *DX 9, J.C. West Affidavit*
>
> *DX 10, A.D. Baylor Affidavit*
>
> *DX 11, Verified Claim of Kirk Pelham*
>
> *DX 12, Circuit Court Complaint of Kirk Pelham*

Defendants submit that there is no genuine issue as to any material fact in this case and therefore, Defendants are entitled to judgment as a matter of law. The arrest of Plaintiff was lawful. A "law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge ... would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is

committing, or is about to commit an offense." *Bailey v. Board of County Com'rs of Alachua County, Fla.,* 956 F.2d 1112, 1120 (11th Cir.1992)  The undisputed facts provide probable cause, or arguable probable cause, for his arrest.  Therefore all of Plaintiff's Fourth Amendment and state law claims of false arrest, false imprisonment, malicious prosecution and abuse of process claims are due to be dismissed and Defendants are entitled to summary judgment as a matter of law.

The event at issue in this case is precisely the situation for which discretionary function immunity under § 6-5-338 and qualified immunity under § 1983 were designed.  Those statutes protect police and municipal officials from tort liability when acting within the line and scope of their duties.   Plaintiff was arrested, booked, processed and jailed in the manner all persons are processed when arrested pursuant to a valid arrest warrant.  Consequently, the claims of Plaintiff should be dismissed on the grounds of state and federal immunity.

Additionally, Hogan cannot prevail on his unsubstantiated allegations of a conspiracy.  A naked assertion of conspiracy is insufficient foundation for either a § 1983 or § 1985 claim.  *Harris v. Menendez,* 817 F. 2d 737 (11th Cir. 1987).  Because Hogan cannot prevail on his claims that officers acted wrongfully, unlawfully or in any other way in violation of the Fourth Amendment or his support claim of conspiracy 42 *U.S.C.* § 1985, as a derivative of 42 *U.S.C.* § 1985,  Hogan's 42 *U.S.C.* § 1986 claim of failure to refusal to prevent an alleged violation must fail.

Finally, Plaintiff cannot prevail in his claim against the City for municipal liability pursuant to 42 U.S.C. § 1983.  Plaintiff has failed to prove that the City has a custom or policy that violated his constitutional rights.   Conclusory allegations cannot

interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.* Rule 56 (c). *Additionally,* it is well established in Alabama that a municipality cannot act with intent; therefore, all intentional tort claims against the City of Montgomery be dismissed.

Defendants further submit that Plaintiff has failed to present substantial evidence from which fair-minded persons could reasonably infer the existence of facts necessary to prove any of Plaintiff's claims. Summary Judgment in favor of Defendants City of Montgomery, Police Chief Baylor and Major J. C. West is proper and all claims against them should be dismissed.

Defendants reserve the right to further supplement their Motion for Summary Judgment.

Respectfully submitted this 14th day of July, 2006.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)

OF COUNSEL:

City of Montgomery
City Attorney's Office
P. O. Box 1111
Montgomery, AL 36101-1111
Telephone: (334) 241-2050
Facsimile: (334) 241-2310

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the following by placing a copy in the United States mail, postage prepaid and properly addressed or electronic email , on this the 14th day of July, 2006.

Andy Nelms, Esq.
*Law Offices of Jay Lewis, LLC*
Suite 100
847  S. McDonough
Montgomery, AL 36104

H. Lewis Gillis, Esq.
Christopher K. Whitehead, Esq.
Hon. Ramadanah M. Salaam
*Thomas, Means, Gillis & Seay, P.C*.
P.O. Box 5058
Montgomery, Alabama 36103


               /s/ Kimberly O. Fehl
                OF COUNSEL