AO 440 (Rev. 10/93) Summons in a Civil Actio...

# UNITED STATES DISTRICT COURT

MIDDLE _____    DISTRICT OF    ALABAMA _____

CHAD HOGAN

V.

City of Montgomery, et al.

### SUMMONS IN A CIVIL CASE

CASE NUMBER: 2:05cv687

TO: (Name and address of defendant)
Major J. C. West
City of Montgomery Police Department
320 N. Ripley Street
Montgomery, Alabama 36104

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)
Andy Nelms
Jay Lewis
P.O. Box 5059
Montgomery, Alabama 36103

an answer to the complaint which is herewith served upon you, within    20    days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

Debra P. Hackett
_____
CLERK

_____
(BY)  DEPUTY CLERK

8/3/05
_____
DATE

EXHIBIT
1

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant. Place where served: _____

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

_____

☐   Returned unexecuted: _____

_____

_____

☐   Other *(specify)*: _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | 0.00 |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
           *Date*                                *Signature of Server*

                                          _____
                                          *Address of Server*

_____

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHAD HOGAN,                               *
                                          *
        Plaintiff,                        *
                                          *
        v.                                *        Case No. 2:05cv687
                                          *
CITY OF MONTGOMERY,                       *
                                          *
LIEUTENANT RONALD COOK,                   *
City of Montgomery Police Department,     *
                                          *
LIEUTENANT WILLIAM CAULFIELD,*
City of Montgomery Police Department,     *
                                          *
CANINE OFFICER J.M. GORDON,               *
City of Montgomery Police Department,     *
                                          *
MAJOR J. C. WEST,                         *        DEMAND FOR JURY TRIAL
City of Montgomery Police Department,     *
                                          *
CHIEF ART BAYLOR,                         *
City of Montgomery Police Department,     *
                                          *
ANTHONY ARNAUD,                           *
                                          *
        Defendants.                       *

## COMPLAINT

COMES NOW Plaintiff, by and through his attorney of record, and would show unto the

Court as follows:

### JURISDICTION AND VENUE

1.      Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by

        virtue of the Fourth Amendment to the Constitution of the United States, 42 U.S.C. §

        1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28

U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain

declaratory relief and compensatory and punitive damages. Defendants violated

Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law,

and by the laws and Constitution of 1901 of the State of Alabama.

2.      The violations of Plaintiff's rights as alleged herein occurred in Montgomery County,

Alabama, and were committed within the Middle District of the State of Alabama.

## PARTIES

3.      Plaintiff Chad Hogan (hereinafter, "Hogan") is over the age of 19 years, and is and at all

times material hereto was a citizen of the United States and the State of Alabama,

residing in Montgomery County, Alabama.

4.      Defendant Lieutenant Ronald Cook (hereinafter, "Cook"), a better denomination of

whom is presently unknown to Plaintiff, is a natural person believed to be over the age of

19 years, is or was at all times material hereto an employee, officer or agent of the City of

Montgomery Police Department and is a person whose conduct proximately and directly

harmed Plaintiff. Cook is sued in his INDIVIDUAL capacity

5.      Defendant Lieutenant William Caulfield (hereinafter, "Caulfield"), a better denomination

of whom is presently unknown to Plaintiff, is a natural person believed to be over the age

of 19 years, is or was at all times material hereto an employee, officer or agent of the City

of Montgomery Police Department and is a person whose conduct proximately and

directly harmed Plaintiff. Caulfield is sued in his INDIVIDUAL capacity

6.      Defendant Canine Officer J.M. Gordon (hereinafter, "Officer Gordon"), a better

denomination of whom is presently unknown to Plaintiff, is a natural person believed to

be over the age of 19 years, is or was at all times material hereto an employee, officer or

agent of the City of Montgomery Police Department and is a person whose conduct proximately and directly harmed Plaintiff. Gordon is sued in his INDIVIDUAL capacity.

7.    Defendant Major J. C. West (hereinafter, "West"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiff. West is a superior officer over Caulfield, Cook, and Gordon, with the power to direct and control their conduct. West is sued in his INDIVIDUAL capacity.

8.    Defendant Chief Art Baylor (hereinafter, "Baylor"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the City and is a person whose conduct proximately and directly harmed Plaintiff. Baylor is the superior officer over Caulfield, Cook, West, and Gordon, with the power to direct and control their conduct. Baylor is sued in his INDIVIDUAL capacity.

9.    Defendant Anthony Arnaud (hereinafter, "Arnaud"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of Arnaud's Quality Meat, however otherwise denominated, and is a person whose conduct proximately and directly harmed Plaintiff.

10.    Defendant City of Montgomery, is a municipal corporation domiciled in Montgomery County, Alabama.

11.    Plaintiff avers that there are a number of persons who acted in collusion with the named Defendants, whose identities are presently unknown to Plaintiff but who will be added as

parties Defendant upon ascertainment of their true identities.

## NATURE OF PROCEEDINGS

12.    This is a proceeding for a judgment declaring the relative rights, responsibilities and

liabilities of the parties, each to the other, and for compensatory and punitive damages for

Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

13.    Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing

paragraphs.

14.    On March 31, 2005 at approximately 11:58 PM, at Arnaud's Quality Meats on Eastern

Boulevard, Montgomery, Alabama, a burglar alarm call was received by the Montgomery

Police Department. In response to the alarm, a Montgomery Police Department canine

unit was dispatched. The canine unit was operated by Officer J.M. Gordon. Upon

arriving at the scene, Officer Gordon observed an automobile leave from a parking lot

some distance from Arnaud's Quality Meats. He also observed an open window at

Arnaud's Quality Meats. The subject automobile was occupied by four black males.

Plaintiff, Chad Hogan, was a backseat passenger of the subject automobile. Officer

Gordon called for back-up assistance. Officer Gordon followed the subject automobile.

When other police officers arrived at Arnaud's Quality Meats they, too, observed an open

window at the business, but no other signs of a burglary or other illegal entry. Officer

Gordon and the other officers now supporting Officer Gordon were informed by radio

that Arnaud's Quality Meats had been burglarized. At this time, officers following the

subject automobile activated their emergency equipment in an effort to effect arrest. The

driver of the subject vehicle refused to stop and a chase ensued. After several minutes,

the automobile crashed into a fence at the corner of Wareingwood and Pelzer streets

within the City of Montgomery. By the time of the crash over fifteen officers were in

pursuit. At the time of the crash, Canine Officer J.M. Gordon released his dog. Chad

Hogan was injured when he was severely bitten by the animal several times.

15.    Shortly thereafter Anthony Arnaud, owner of Arnaud's Quality Meats, appeared at the

business near the corner of Wares Ferry Road and the Eastern Boulevard. Arnaud

announced to police officers on the scene that in fact he had left the window open.

Arnaud further informed the officers that the bugler alarm had been accidentally going off

that night. Arnaud searched the establishment and announced to the officers that nothing

was missing. Officers investigating the scene also noted that it had been raining heavily

for hours but the floor inside the establishment was dry. Officers at Arnaud's Quality

Meats radioed officers attempting to effect arrest of the subjects. Officers at the crash site

were informed that there had been no burglary.

16.    Disregarding the information they had received, Gordon and fellow officers arrested Chad

Hogan – and only Hogan – for burglary. Hogan was transported to police headquarters.

His dog bite wounds were treated. Hogan was questioned. He informed the police that

he and his friends had been at a pool hall near Lagoon Park. When they left it was raining

heavily, making driving hazardous. They decided to stop at the nearby parking lot

adjacent to Arnaud's Quality Meats. As they waited for the rain to lessen, they saw the

police patrol car of Canine Officer J.M. Gordon. Being suspicious of the police, Hogan

and the three others decided to drive away.

17.    Arnaud, having previously asserted that no burglary had taken place, nevertheless signed

a complaint against Hogan at the insistence of the defendants or one or more of them.

18.    At headquarters, police officers confirmed Hogan's story. After learning that no crime

had been committed, Lieutenant William Caulfield, canine commander, proclaimed that

the investigating officers needed to make up something to justify the dog bite. Lieutenant

Ronald Cook then instructed Canine Officer J.M. Gordon to draft a statement regarding

what he observed when he first arrived at Arnaud's Quality Meats. J.M. Gordon's

original statement simply stated that he arrived at the scene and noticed the subject's

occupied vehicle. Cook took the statement to Caulfield. Caulfield read the statement,

concluding that the proper "elements" were not present to justify the actions of police that

night and did not justify the dog bite. J.M. Gordon was ordered by Caulfield to rewrite

his statement. Gordon produced a new statement alleging that a man was standing next to

the subject vehicle when he arrived. Cook took Caulfield the new statement. Caulfield

was again dissatisfied, and gave Cook specific instructions as to the content he wished to

see in the statement. Cook instructed J.M. Gordon to better "articulate" his facts. Cook

instructed J.M. Gordon to plainly state that he saw Chad Hogan walking from the specific

area of the open window at Arnaud's Quality Meats. J.M. Gordon did as he was

instructed. Caulfield accepted the third draft of the statement. Cook and/or Caulfield or

other officers under the command and supervision of Cook and/or Caulfield drafted a

complete warrant for the arrest of Chad Hogan and submitted the documents with the

sworn statement of Arnaud to the warrant clerk. That night, Chad Hogan was charged

with Burglary III. He was later transported to the county detention facility. Having been

held in jail overnight, Hogan posted bond later that day.

19.    Upon information and belief, the falsity of the charges against Hogan was made known to

and brought to the attention of West within a day of the arrest. West adopted, ratified,

and acquiesced in the actions of the other defendants.

20.   Upon information and belief, the falsity of the charges against Hogan was made known to and brought to the attention of Baylor within a day of the arrest. Baylor adopted, ratified, and acquiesced in the actions of the other defendants.

21.   As senior officers, Major West and Chief Baylor, having knowledge of the falsity of the charges and having the power and authority to prevent the wrong being done to Hogan, could have intervened to prevent the said charges from going forward, yet they did nothing to prevent the violation of Hogan's rights.

22.   The stated motivation for the violation of Hogan's rights was to escape potential liability on the part of the City of Montgomery and the officers for the injuries caused to Hogan by Gordon's dog.

23.   Upon information and belief, the City of Montgomery has and maintains a policy, practice, or custom by which the City seeks to charge with a crime all persons injured in encounters with police officers employed by the City, whether or not there is probable cause to believe that a crime has been committed.

24.   No other occupants of the vehicle encountered by police officers were charged with any crime.

25.   No other occupants of the vehicle encountered by police officers were bitten by a police dog.

26.   Hogan's case was presented to the Montgomery County Grand Jury in June, 2005, and was no-billed.

27.   Hogan has suffered monetary loss, embarrassment, humiliation, emotional distress, and mental anguish as a consequence of the actions of the defendants.

## CAUSES OF ACTION

28. As to each of the counts herein below set forth, Hogan expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

### COUNT I – 42 U.S.C. § 1983 – FALSE ARREST / FALSE IMPRISONMENT

29. The defendants detained Hogan, prohibited him from leaving, circumscribed his physical liberty, ordered him and compelled him to go from place to place without a warrant and with neither reasonable suspicion nor probable cause to do so.

30. Hogan was placed under arrest and imprisoned by the defendants without warrant and without probable cause that a crime had been committed and, in fact, with the knowledge that no crime had been committed.

31. Gordon, at the direction and under the supervision of Cook and Caulfield, manufactured false evidence supporting probable cause or arguable probable cause for Hogan's arrest and prosecution.

32. West and Baylor, knowing of the manufacturing of the evidence, adopted, ratified, and acquiesced in the conduct of Gordon, Cook, and Caulfield.

33. Hogan was falsely arrested and falsely imprisoned by the defendants.

34. Hogan's arrest by the defendants initiated his prosecution for burglary in the third degree.

35. There was no probable cause for Hogan's prosecution.

36. The prosecution of Hogan was procured by fraud and perjury.

37. Hogan's prosecution was malicious or was initiated under such circumstances, including lack of probable cause, as would imply malice.

38. The proceedings were terminated in Hogan's favor.

39. At all times material hereto it was clearly established in the law that an arrest in the

absence of probable cause is unconstitutional. An arrest without probable cause violates

the right to be free from an unreasonable seizure under the Fourth Amendment. *Durruthy*

*v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003); *Redd v. City of Enterprise*, 140 F.3d

1378, 1382 (11th Cir. 1998).

40.    At all times material hereto it was clearly established in the law that falsifying facts to

establish probable cause is patently unconstitutional. *Riley v. City of Montgomery*, 104

F.3d 1247, 1253 (11th Cir. 1997).

41.    Hogan has been damaged thereby in that he has suffered monetary loss, embarrassment,

humiliation, emotional distress and mental anguish.

### COUNT II – 42 U.S.C. § 1983 – ABUSE OF PROCESS
### or, in the alternative
### MALICIOUS PROSECUTION

42.    Gordon, Caulfield, Cook, and Arnaud, and each and all of them, initiated a criminal

prosecution as against Hogan, to wit: they caused process to issue, which process was

issued without probable cause and for an improper and ulterior purpose, to diminish

potential civil liability against the City and the officers.

43.    At all times, the defendants were State actors and were acting under color of law.

44.    There was no probable cause for the issuance of the said process or for the prosecution of

Hogan.

45.    The process was issued and the prosecution was initiated with malicious intent on the part

of Gordon, Caulfield, Cook, and Arnaud, or the process was issued and the prosecution

was initiated under such circumstances as to imply the existence of malice.

46.    The proceedings as against Hogan were terminated in favor of Hogan. See *The Kroger*

*Company v. Puckett*, 351 So.2d 582, 586 (Ala. 1977) (one appropriate "termination of

proceedings" for malicious prosecution purposes is "the refusal of a grand jury to indict.")

47.    Hogan has been injured and damaged as a result, in that he has suffered monetary loss,

embarrassment, humiliation, emotional distress and mental anguish.

48.    Hogan is required to allege – and he does so allege – that he has stated the required

elements of the common-law tort of malicious prosecution and a Fourth Amendment

continuing seizure by virtue of the fact that he was out on bond following his release from

jail and was subject to the continuing supervision of the State.

49.    Hogan is aware that *Kingsland v. City of Miami*, 382, F.3d 1220 (11th Cir. 2004), rejects

the notion that Hogan may sue for malicious prosecution under a "continuing seizure"

theory by virtue of the fact that he was out on bond by the time the grand jury rejected the

charges against him.  Hogan suggests that the Eleventh Circuit's analysis is incorrect and

that the better analysis is that of Justice Ginsberg in *Albright v. Oliver*, 510 US 266, 276-

79 (1994).  Hogan's claim of malicious prosecution under 42 U.S.C. § 1983 is not

frivolous, but is intended to challenge Eleventh Circuit precedent in this regard.

50.    In any event, Hogan has articulated a *prima facie* case of abuse of process within the §

1983 context by stating that the defendants were State actors acting under color of law,

that they had an ulterior purpose, that in furtherance of that ulterior purpose they caused

the improper use of rightfully issued process, that they did so with malice, and that they

lacked probable cause.  *Tapscott v. Fowler*, 437 So.2d 116 (Ala. 1983); *Tarver v.*

*Household Fin. Corp.*, 277 So.2d 330 (Ala. 1973).

## COUNT III – COMMON LAW MALICIOUS PROSECUTION
### or, in the alternative,
### ABUSE OF PROCESS

51.    Defendants Gordon, Caulfield, Cook, and Arnaud initiated a judicial proceeding, a

criminal prosecution, against Hogan.

52. Defendants Gordon, Caulfield, Cook, and Arnaud caused process to be issued as against Hogan.

53. Defendants Gordon, Caulfield, Cook, and Arnaud had an ulterior purpose in the issuance of the said process, the avoidance of civil liability.

54. The said process was improperly used and used for an improper and ulterior purpose.

55. Defendants Gordon, Caulfield, Cook, and Arnaud acted with malice.

56. There was an absence of probable cause to believe that a crime had been committed or that Hogan had committed a crime.

57. The criminal proceedings were terminated in Hogan's favor.

58. Hogan has been injured and damaged as a result of the malicious prosecution and abuse of process.

## COUNT IV – 42 U.S.C. § 1985 CONSPIRACY

59. Defendants Gordon, Caulfield, Cook, and Arnaud confederated and conspired, each with the other, to violate Hogan's rights to be free from false arrest and false imprisonment and to be free from malicious prosecution and abuse of process.

60. Defendants Gordon, Caulfield, Cook, and Arnaud agreed, each with the other, to falsely arrest Hogan, to falsely accuse him of a crime, and to falsely prosecute him for that crime.

61. Defendants Gordon, Caulfield, Cook, and Arnaud took affirmative and overt steps to give effect to the said conspiracy.

62. Defendants Gordon, Caulfield, Cook, were State actors, acting under color of State law.

63. Defendant Arnaud actively participated with the State actors to violate Hogan's rights, which active participation so intertwines him with the governmental action as to make

him liable over to Hogan under 42 U.S.C. § 1985 and the common law of Alabama.

64.    Hogan has been injured and damaged as a result.

## COUNT V – 42 U.S.C. § 1986 FAILURE/REFUSAL TO PREVENT VIOLATIONS

65.    Defendants Caulfield, Cook, West, and Baylor are, and at all times material hereto were,

supervisory officials in the Montgomery Police Department and, as such, are State actors.

66.    Defendants Caulfield, Cook, West, and Baylor had knowledge of the conspiracy under §

1985 to violate Hogan's rights under § 1983.

67.    Defendants Caulfield, Cook, West, and Baylor had at all times material hereto the present

ability through reasonable diligence to prevent, stop, or limit the violation of Hogan's

rights, but each and all of them neglected and refused to do so.

68.    Hogan has been injured thereby.

## COUNT VI – MUNICIPAL LIABILITY

69.    The wrongful and malicious arrest and prosecution of Hogan by Defendants Gordon,

Caulfield, and Cook, and the neglect or refusal by West and Baylor to prevent, stop, or

limit the violations were undertaken in a neglectful, careless, and unskillful manner by the

municipal employees involved.

70.    The neglectfulness, carelessness, and unskillfulness of the municipal employees was the

direct and proximate cause of injury and damage to Hogan.

71.    Hogan has been injured and damaged thereby.

72.    The City of Montgomery maintains a policy, practice or custom through its Police

Department of charging with a crime persons injured through contact with police officers

in order to evade liability for wrongful or negligent conduct on the part of police officers.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff prays for relief as follows:

a)   Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth Amendment to the United States Constitution, as addressed by and through 42 U.S.C. § 1983, violative of 42 U.S.C. § 1985 and 42 U.S.C. § 1986, and violative of State law;

b)   Enjoin the defendants from imposing punishment as against Plaintiff and further violating his federally protected rights;

c)   Grant Compensatory damages in favor of Plaintiff as against all defendants of $1,000,000.00;

d)   Grant Punitive damages to Plaintiff against all defendants in the amount of $3,000,000.00;

e)   Grant Plaintiff the cost of this action including reasonable attorneys' fees;

f)   Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief and attorney's fees and costs, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the _27th _ day of July, 2005.

JAY LEWIS
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

K. ANDERSON NELMS
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K

Counsel for Plaintiff


**PLAINTIFF DEMANDS TRIAL BY JURY**