IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHAD HOGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  CASE NO. 2:05-cv-687-F |
| CITY OF MONTGOMERY, et al., | ) ) ) |
| Defendants. | ) ) |

### ANSWERS AND RESPONSES OF DEFENDANT, ART BAYLOR, TO PLAINTIFF'S CONSOLIDATED DISCOVERY REQUEST

Defendant, A. D. Baylor, as answer and response to Plaintiff's Consolidated Discovery Request states the following:

### GENERAL OBJECTIONS

Defendant objects to each of Plaintiff's discovery requests to the extent that each is overly broad, vague, unduly burdensome, seeks information not designed nor reasonably calculated to the discovery of relevant evidence; and, purport to request information protected by the attorney/client privilege or the work-product doctrine or seeks information taken and/or prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise are impermissible subjects of discovery under the rules of civil procedure.

Defendant further objects to each discovery request to the extent each seeks documents or things which constitute confidential, proprietary information, or to which Defendant has a duty or obligation of confidentiality with respect to persons or not parties to this litigation. This objection is made specifically, but without limitation, with respect

EXHIBIT 4

to any request which entails disclosure of the identities or other confidential information of persons not parties to this litigation, whose privacy rights would be violated by such disclosure.

Defendant further objects to the "Definitions" to the extent they are overly broad and seek to impose a duty on Defendant greater than that required by the Rules of Procedure and/or discovery.

### INTERROGATORIES

1. State the full name, age, address and present position of each person or persons answering or assisting in the answering of this discovery request providing the defendant's driver's license number and state, social security number and date of birth.

    Answer:    Arthur D. Baylor
    Age:   49
    Address:    320 North Ripley
                Montgomery, Alabama  36104
    Present Position:    Chief, City of Montgomery
                         Police Department
    DOB: 11/21/55

2. Please provide an accounting of all training you have received related to your job in law enforcement, giving the dates and places of said training including certificates of completion received.

    Answer: See the attached Resume of Art Baylor

3. Please list each and every telephone number for any cellular telephone, radio, walkie talkie, pager, or any other means of communication possessed by you on March 31, 2005 and provide the name and address of the service carrier, whether personal or issued by your employer, including in your answer the date the service was initiated or date you entered into any service contract and whether said service is active or inactive.

    Answer:    Police Department-241-2810

               Southern Linc – 850-0483

2

Defendant is in possession of a cell phone provided by the FBI National Academy Association however, due to security reasons objects to the release of the number.

4. Please give a narrative summary of the events to which you have personal knowledge related to the arrest and subsequent attempted prosecution of Plaintiff. Please include the dates, times of said events and how you came to have said knowledge.

   Answer:   Defendant does not have any personal knowledge of any events involving the Plaintiff.

5. When did you first learn that Plaintiff had been arrested, please list the date, time and place.

   Answer:   April 1, 2005 while in the Detroit, Michigan Airport.

6. Please provide a statement regarding your understanding of the police department's policy and/or procedure regarding the arrest of subjects using canine.

   Answer:   Policy and/or procedure for all arrests are the same. Please see the attached Montgomery Police Department Police K-9 Training Manual Policies and Procedures.

7. Please list and describe any orders you might have given subordinates regarding the arrest, investigation, internal investigation or otherwise related to the arrest of Plaintiff.

   Answer:   Defendant ordered an internal investigation into the incident.

8. Please provide the results of any internal investigation performed by the police department in response to allegations or complaints made by Kirk Pelham in relation to the arrest of Plaintiff.

   Answer:   Defendant objects this interrogatory in that it seeks information protected by the attorney/client privilege or the work-product doctrine or seeks information taken and/or prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise are impermissible subjects of discovery under the rules of civil procedure.

9. Please provide the substance of any conversations had between you and any other employee of the City of Montgomery related to allegations or complaints made by Kirk Pelham regarding the arrest of Plaintiff.

   Answer: Defendant objects this interrogatory in that it seeks information protected by the attorney/client privilege or the work-product doctrine or seeks information taken and/or prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise are impermissible subjects of discovery under the rules of civil procedure. Defendant objects to this interrogatory on the grounds it is overbroad, unduly burdensome, and not limited in time and scope. Without waiving these objections, Defendant states that he ordered an Internal Affairs investigation.

10. Please describe any actions taken by you in response to complaints or allegations made by Kirk Pelham regarding the arrest of Plaintiff.

    Answer: Defendant ordered an Internal Affairs Investigation and offered to move Pelham.

11. What actions, if any, did you take to prevent the arrest or prosecution of Plaintiff?

    Answer: None.

## RESPONSES TO REQUEST FOR PRODUCTION

1. All statements whether written or recorded taken from witnesses in this case including fellow law enforcement officers.

   Response: Defendant objects this request for production in that it seeks information protected by the attorney/client privilege or the work-product doctrine or seeks information taken and/or prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise are impermissible subjects of discovery under the rules of civil procedure.

2. The entire investigative file related to the arrest of Plaintiff.

   Response: See attached documents.

3. Produce copies of any notes, diaries, correspondence, memorandum or reports of any kind related to incident and arrest of Plaintiff which occurred on or about March 31, 2005.

   **Response: None.**

4. Produce copies of all responses you or your attorneys have received—or will receive throughout the pendency of this case—in response to subpoenas issued to third parties. This is a continuing request.

   **Response: None.**

5. Produce any written policy maintained by the police department related to the arrest of subjects.

   **Response: None.**

6. Produce any written policy or procedure maintained by the police department related to the use of canine in effectuating arrests.

   **Response: See attached document.**

7. Produce a copy of any file forwarded to the district attorney's office related to the charges brought against Plaintiff.

   **Response: See attached documents.**

8. Produce any evidence you have demonstrating that Plaintiff attempted to burglarize Arnaud's Quality Meats.

   **Response: See attached documents.**

9. Produce a list of all officers on duty at the police department on March 31, 2005 between 18:00 and 24:00 hours.

   **Response:** Defendant objects to this interrogatory on the grounds it is overbroad and unduly burdensome. Without waiving said objection, Defendant will supplement response to this request if limited to specific divisions and a specific shift.

10. Please provide a copy of any internal investigative file related to the arrest of Plaintiff.

    Response:  Defendant objects this request for production in that it seeks information protected by the attorney/client privilege or the work-product doctrine or seeks information taken and/or prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise are impermissible subjects of discovery under the rules of civil procedure.

Respectfully submitted this the 27th day of October, 2005.

_____
Arthur D. Baylor

_____
Kimberly O. Fehl (FEH001)

**OF COUNSEL:**
Legal Department
**City of Montgomery**
Post Office Box 1111
Montgomery, Alabama 36101-1111
334.241.2050
FAX 334.241.2310

6

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed below by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, this 27th day of October, 2005:

H. Lewis Gillis
Christopher K. Whitehead
Ramadanah M. Salaam
**Thomas, Means, Gillis & Seay, P.C.**
3121 Zelda Court (36106)
P.O. Box 5058
Montgomery, Alabama 36103

Jay Lewis, Esq.
Keith Anderson Nelms, Esq.
**Law Offices of Jay Lewis, LLC**
P.O. Box 5059
Montgomery, AL 36103-5059

James Bodin, Esq.
**McPhillips, Shinbaum L.L.P.**
P.O. Box 64
Montgomery, AL 36101-0064



_____
Of Counsel