IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHAD HOGAN, | * | |
|    Plaintiff, | * | |
| | * | |
|    v. | * | Case No. 2:05-cv-687-WKW-VPM |
| | * | |
| CITY OF MONTGOMERY, et al., | * | |
|    Defendants. | * | |

**PLAINTIFF'S REQUESTED JURY INSTRUCTIONS**

COMES NOW Plaintiff to submit the attached \_\_\_\_\_7\_\_\_\_\_ Jury Instructions, and would request that the court charge the Jury in accordance there with.

RESPECTFULLY SUBMITTED, this __20th__ day of October, 2006.

                                                        /s/ JAY LEWIS
                                                        Jay Lewis
                                                        P.O. Box 5059
                                                        Montgomery, Alabama, 36104
                                                        334-263-7733 (voice)
                                                        334-263-7733 (fax)
                                                        J-Lewis@JayLewisLaw.com
                                                        ASB-2014-E66J
                                                        Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served the foregoing to counsel of record listed below by filing the same with the Clerk of the Court via CM/ECF which will send a copy to the following on this the __20th__ day of October, 2006.

Christopher Whitehead
Lewis Gillis
Ramadanah Maryum Salaam
P.O. Drawer 5058
Montgomery, AL 361035058

Kim O. Fehl
City of Montgomery
P.O. Box 1111
Montgomery, AL 36101-1111

                                              /s/ JAY LEWIS
                                              Jay Lewis
                                              P.O. Box 5059
                                              Montgomery, Alabama, 36104
                                              334-263-7733 (voice)
                                              334-263-7733 (fax)
                                              J-Lewis@JayLewisLaw.com
                                              ASB-2014-E66J
                                              Attorney for Plaintiff

**Jury Instruction # 1**

_____In this case, Mr. Hogan claims that the Defendants, while acting "under color" of state law, intentionally deprived him of his rights under the Constitution of the United States.

Specifically, Mr. Hogan claims that while the defendants were acting "under color" of authority of the State of Alabama as officers of the City of Montgomery, they intentionally violated Plaintiff's constitutional right to be free from arrest without probable cause.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to arrest and prosecution without probable cause.

The law further provides that a person may sue in this Court for an award of money damages against anyone who "under color" of any state law or custom, intentionally violates his or her rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

1. That the Defendants intentionally committed acts that violated the Plaintiff's federal constitutional right not to be arrested or prosecuted without probable cause;
2. That in so doing the Defendants acted "under color' of the authority of the State of Alabama; and
3. That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff.

Source: Committee's Pattern Jury Instructions, Civil Cases, Eleventh Circuit (1999 revision).

Given_____                                                                                                    Denied_____

**Jury Instruction # 2**

_____A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

Here, it is undisputed that the defendants were acting "under color" of law.

Source: Committee's Pattern Jury Instructions, Civil Cases, Eleventh Circuit (1999 revision).

Given_____                                                                                                  Denied\_\_\_\_\_

## Jury Instruction # 3

In this case, Mr. Hogan claims that the defendants violated his rights when they arrested him and falsely imprisoned him without probable cause to believe that a crime had been committed, and, further, that they maliciously prosecuted him by instituting a criminal proceeding against him without probable cause to do so.

With respect to the false arrest / false imprisonment claim, Mr. Hogan must prove to your reasonable satisfaction the following things:

1. That he was arrested by one or more of the defendants, in that he was detained for any length of time during which he was deprived of his personal liberty.
2. That he was arrested without a warrant or that he was detained prior to the issuance of a warrant.
3. That there was no probable cause to believe that a crime had been committed.
4. That he was damaged as a result.

With respect to the malicious prosecution claim, Mr. Hogan must prove to your reasonable satisfaction the following things:

1. That there was a judicial proceeding initiated against him.
2. That there was no probable cause to believe that he had committed a crime.
3. That there was malice on the part of the defendants.
4. That the proceedings were terminated in favor of Mr. Hogan.
5. That he was damaged as a result.

The law defines "malice" as the intentional doing of a wrongful act without just cause or excuse, either with an intent to injure the other party or under such circumstances that the law

will imply an evil intent.  Malice is implied if a prosecution was begun for any purpose other than a bona fide purpose to bring an accused to punishment as a violator of criminal law.  You may also presume malice if the prosecution was commenced without probable cause to do so.

Probable cause is defined as an objectively reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person's believe that a person accused is guilty of the offense charged.

Proceedings may be considered to have been terminated if a grand jury refuses to indict an accused person.

Sources: § 6-5-170, Code of Alabama 1975 (false arrest); *Eidson v. Olin Corp.*, 527 So.2d 1283 (Ala. 1988)(elements of malicious prosecution); *Empiregas, Inc. V. Feely*, 524 So.2d 626 (Ala. 1988)(definition of malice); *National Sec. Fire & Cas. Co. v. Bowen*, 447 So.2d 133, 140 (Ala. 1983)(malice in criminal prosecutions); *Eidson*, 527 So.2d at 1285 (definition of probable cause); *Gulf States Paper Corp. v. Hawkins*, 444 So.2d 381, 388 (Ala. 1983)(grand jury no-bill as termination of proceedings).


Given _____                                                                                    Denied_____

**Jury Instruction # 4**

Mr. Hogan also claims that the defendants entered into a conspiracy, that is reached an agreement, to violate his civil rights.  Under the law, where two or more persons agree to engage in unlawful conduct, and an act in furtherance of that agreement is undertaken, each person who was a party to the agreement is equally responsible for any harm caused by the unlawful act.

A conspiracy does not have to be formal; it can arise on the spur of the moment, so long as the defendants have a common purpose and some act is taken to further that purpose.

In this case, if Mr. Hogan has proven to your reasonable satisfaction that the defendants reached an agreement to falsely arrest, falsely imprison, and maliciously prosecute him in violation of his rights under the constitution, you should find for Mr. Hogan and against the defendants.  If you are not reasonably satisfied that the defendants formed a common purpose and that one or more of them acted to further that purpose, you should find for the defendants, or for any defendant you find did not enter into such a conspiracy.


Given _____                                                                    Denied _____

**Jury Instruction # 5**

If you should find for the Plaintiff and against the Defendants, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury–tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

  i.  The reasonable value of any property lost or destroyed during, or as a result of, the Defendants' unconstitutional acts;

      ii.      The reasonable costs of medical care and hospitalization;

      iii.     Physical or emotional pain and mental anguish;

      iv.     Punitive damages, if any.

Alternatively, nominal damages may be awarded if you find Plaintiff cannot prove any actual damages. *Slicker v. Jackson,* 215 F. 3d 1225, 1231-32 (11th Cir. 2000).

Source: Committee's Pattern Jury Instructions, Civil Cases, Eleventh Circuit (1999 revision).

Given_____                                                                                                          Denied_____

## **Jury Instructions # 6**

Mr.Hogan also claim that the acts of the Defendants were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle him to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendants did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess damages against the Defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendants, you may consider the financial resources of the Defendants in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

Source: Committee's Pattern Jury Instruction, Civil Cases, Eleventh Circuit (1999 revision).

Given_____                                                                                           Denied_____

**Jury Instruction # 7**

Alabama state law also provides for the awarding of punitive or exemplary damages. Punitive or exemplary damages allow money recovery to the Plaintiff by way of punishment to the defendants, and for the added purpose of protecting the public by deterring the defendants and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages the Plaintiff must prove by clear and convincing evidence that the defendants consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. (Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.)

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

A. With an intent to injure the person or property of another person or entity, or

B. Under such circumstances that the law will imply an evil intent.

Source: Alabama Pattern Jury Instructions.

Given_____                                                                                       Denied_____