**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CHAD HOGAN,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No. 2:05-cv-687-WKW-VPM** |
| | * | |
| **CITY OF MONTGOMERY, et al.,** | * | |
| **Defendants.** | * | |

**PLAINTIFF'S OBJECTIONS TO EXHIBITS**

**COMES NOW** Plaintiff to submit the proposed voir dire questions, and would object to the following exhibits expected to be offered by the defendants:

1.    Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 1 on the grounds that it is impermissible self-serving hearsay and excluded under Rule 802 F.R.Evid.  The exception which would seem to be available under Rule 803(8) is not applicable because the report was prepared for a criminal case.

2.    Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 2 on the same grounds as set forth in Plaintiff's objection to Exhibit # 1.  Plaintiff further objects on the grounds that this exhibit seeks to make all of the material inventoried attributable to Plaintiff.

3.    Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 3 on the same grounds as set forth in Plaintiff's objection to Exhibit # 1.

4.    Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 4 on the grounds that it is irrelevant under Rule 402.  Moreover, it is a self-serving declaration which constitutes hearsay.

5.    Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 5 on the same grounds as set forth in Plaintiff's objection to Exhibit # 1.

6.      Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 6 on the same grounds as set

forth in Plaintiff's objection to Exhibit # 1.

7.      Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 7 on the same grounds as set

forth in Plaintiff's objection to Exhibit # 1.

8.      Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 8 on the same grounds as set

forth in Plaintiff's objection to Exhibit # 1.

9.      Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 10 on the grounds that the

same is irrelevant and due to be excluded under Rule 402; moreover, to the extent that it

is relevant, it is due to be excluded under Rule 403 as it has the potential to be misleading

and confusing to the jury.

10.     Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 12 on the grounds that it is an

improper use of a deposition, that it contains questions to which valid objections to the

form of the question were raised, that it contains matters for which objection was

reserved and to which valid objections could be made should the transcript be read to the

jury, that the jury could not be properly instructed to ignore those parts of the transcript

which contain inadmissible material.  This exhibit would be confusing and misleading to

the jury within the meaning of Rule 403.

11.     Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 13 on the same grounds as

those asserted with respect to Exhibit # 12.

12.     Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 14 under Rules 402 and 403

on the grounds that it is irrelevant, confusing and misleading to the jury.  Moreover, this

exhibit and Exhibits ## 15 and 16, would allow this trial to degenerate into a mini-trial on

the validity of Kirk Pelham's complaint against the City.

13.    Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 15 under Rules 402 and 403

on the grounds that it is irrelevant, confusing and misleading to the jury.  Moreover, this

exhibit and Exhibits ## 14 and 16, would allow this trial to degenerate into a mini-trial on

the validity of Kirk Pelham's complaint against the City.

14.    Plaintiff objects to Cook, Caulfield and Gordon's Exhibit # 16 under Rules 402 and 403

on the grounds that it is irrelevant, confusing and misleading to the jury.  Moreover, this

exhibit and Exhibits ## 14 and 15, would allow this trial to degenerate into a mini-trial on

the validity of Kirk Pelham's complaint against the City.

15.    Plaintiff objects to Cook, Caulfield and Gordon's Exhibits ## 19, 20, and 21 on the

grounds that they are overly broad, vague, and ambiguous designations for which Plaintiff

cannot properly prepare.  These exhibits are not listed with the specificity contemplated

by the Court's Scheduling Order or the Order on Pretrial Hearing.

RESPECTFULLY SUBMITTED, this __23rd__day of October, 2006.

/s/ JAY LEWIS
Jay Lewis
P.O. Box 5059
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing to counsel of record listed below by filing the same with the Clerk of the Court via CM/ECF which will send a copy to the following on this the __23rd__ day of October, 2006.

Christopher Whitehead
Lewis Gillis
Ramadanah Maryum Salaam
P.O. Drawer 5058
Montgomery, AL 361035058

Kim O. Fehl
City of Montgomery
P.O. Box 1111
Montgomery, AL 36101-1111

/s/ JAY LEWIS
Jay Lewis
P.O. Box 5059
Montgomery, Alabama, 36104
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Attorney for Plaintiff